UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BROOKS | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC | ) | JURY TRIAL DEMANDED |
| A WHOLLY-OWNED | ) | |
| SUBSIDIARY OF PORTFOLIO | ) | |
| RECOVERY ASSOCIATES, INC. | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Michael Brooks, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Michael Brooks, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Illinois Collection Agency Act.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant has an office located in this District.

## III.  PARTIES

4. Plaintiff, Michael Brooks, is an adult natural person residing at 13342 Tango Road, Bloomington, IL 61705. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC ("Portfolio Recovery"), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Indiana and the Commonwealth of Pennsylvania with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. For nearly three (3) years, Plaintiff has been receiving constant calls from the Defendant attempting to collect on an alleged debt said to be owed to GE Money Bank.

8. Defendant alleges that the Plaintiff now owes a balance which far surpasses the original balance due on this account.

9. Plaintiff has continually informed the Defendant that he paid this account off in full back in 2009, when the balance due was just around $1,600.00.

10. Plaintiff maintains that the account was paid off to the original creditor in two (2) monthly installments.

11. Plaintiff states that the Defendant started to contact him on this account almost immediately after it was paid off to the original creditor.

12. Defendant has become more demanding, belligerent and harassing with each call.

13. The balance of this account has continually increased without explanation.

14. In early 2012, the Defendant filed legal action against the Plaintiff in McClean County, Illinois for recovery of the alleged balance due on this account.

15. Plaintiff was to attend a hearing in this matter in June, 2012.

16. However, on or about May 9, 2012, "Jared Duke", an attorney for the Defendant filed a "Motion to Dismiss", without prejudice as a result of Plaintiff informing the Defendant that the matter had been paid and settled years earlier.

17. Plaintiff believed that the collection efforts and contact from the Defendant would now stop.

18. Shortly after this time however, Plaintiff started to receive continuous calls again from the Defendant still trying to collect.

19. Defendant now stated that the Plaintiff owed a balance of $3,400.00, more than doubling the original balance due.

20.     On or about October 12, 2012, Plaintiff received a call from Defendant demanding that the Plaintiff make payment immediately.

21.     Plaintiff yet again tried to explain that the debt had been paid in full back in 2009.

22.     At that time, Defendant's male agent threatened the Plaintiff with garnishment if the Plaintiff failed to make arrangements that day.

23.     Plaintiff's informed the Defendant that his only source of income was Social Security.

24.     Plaintiff's father is his Social Security payee and Plaintiff's monthly payments are deposited into his father's bank account for disbursement to the Plaintiff.

25.     Defendant's male agent replied that this was not a problem; the Defendant would just have to garnish the payments from Plaintiff's father's bank account.

26.     Defendant's agent knew or should have known this threat was false and only used such tactics to try and intimidate the Plaintiff into making a payment.

27.     Before ending the call above, the Defendant did agree to put the Plaintiff's account on a "14-day hold", agreeing to look further into this issue for the Plaintiff before trying to collect again.

28.     However, within the week, the calls from the Defendant started up again.

29.     Plaintiff states that the calls have come in at all hours of the day with some as early as 7:30 am and some after 9:00pm (CST).

30.     The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

31. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

33. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT I – FDCPA**

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

> §§ 1692d: Any conduct the natural consequence of which is to harass, oppress, or abuse any person
>
> §§ 1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly.

| | | |
|---|---|---|
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | | Nonpayment of a debt would result in arrest or imprisonment of any person, or the seizure or garnishment or attachment |
| §§ 1692e(5): | | Threaten to take any action that cannot be taken or that is not intended to be taken |
| §§ 1692e(10): | | Any false representation or deceptive means to obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## ILLINOIS COLLECTION AGENCY ACT

37.     Plaintiff incorporated paragraphs 1-48.

38.     Defendant, is a "collection agency" as defined by the Illinois Collection Agency Act, 225 ILCS §§425/1 et seq.

39.     Section §§425/3(d), as amended effective January 1, 2008, brings debt buyers within its purview by providing that "a person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it buys accounts, bills or other indebtedness and engages in collecting the same".

40.     Previously coverage was limited to a person who "buys accounts, bills or other indebtedness with recourse and engages in collecting the same.

41.     By deleting "with recourse" the legislature intended to classify as a "collection agency" persons such as the Defendant, who buy charged-off debts for their own account.

42.     In addition, in 2007 amendments repealed the definition of "collection agency" contained din former §§425/2.02 and provided a more expansive set of definitions which, among other things, now defines a "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or himself and others, engages in debt collection". 225 ILCS §§425/2 (emphasis added).

43.     Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

44.     Defendant, violated the following provisions of 225 ILCS §§425/9

§§425/9/15(d)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

§§425/9/20   Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist;

§§425/9/26   Misrepresenting the amount of the claim or debt alleged to be owed;

§§425/9/29   Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement;

§§425/9/31   Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm

45.   No debt collector while collecting or attempting to collect a debt shall engage in any of the Acts specified in this Section, each of which shall be unlawful practice.

46.   Plaintiff has been damaged as a result.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

### V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

VULLINGS LAW GROUP, LLC

Date: November 27, 2012

BY: /s/ Brent F. Vullings BFV8435
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff